WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Bridwell, | No. CV-19-05006-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Ideal Cars LLC, | |
| Defendant. | |

Pending before the Court is Defendant Ideal Cars LLC's Motion to Dismiss for Failure to Prosecute (Doc. 41). Plaintiff Jeremy Bridwell has not responded, and the Court now rules.

**I.   BACKGROUND**

On August 21, 2019, Plaintiff filed a complaint alleging that Defendant violated the Truth in Lending Act—particularly, 15 U.S.C. § 1638(a)(5)—by improperly disclosing information related to a car sale. (Doc. 1). In its answer, Defendant generally denied Plaintiff's allegations of misconduct and counterclaimed to recover the deficiency balance of the vehicle loan. (Doc. 13 at 7). Plaintiff filed an answer and amended his complaint on November 13, 2019, and Defendant filed an answer and amended counterclaim on December 23, 2019. (Docs. 16, 20, 24).

The Court issued a Scheduling Order on November 13, 2019, which provided that "all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by **June 5, 2020**."

(Doc. 19 at 2). The parties initially participated in discovery (*see* Doc. 22–23, 25–27), and on May 28, 2020, they jointly moved to extend the discovery deadline by 60 days (Doc. 28). The Court granted the motion and extended the deadline to August 4, 2020. (Doc. 29). On July 22, 2020, the parties filed a second joint motion to extend the discovery deadline (Doc. 30), and the Court extended the discovery deadline to October 5, 2020 (Doc. 31).

On November 6, 2020, Plaintiff's counsel filed a motion to withdraw in which counsel stated that they had been unable to contact Plaintiff since April 2020 (Doc. 34),[1] and the Court granted the motion on December 17, 2020 (Doc. 39). On January 6, 2021, Defendant moved to dismiss the case under Federal Rule of Civil Procedure ("Rule") 41(b).

## II.  DISCUSSION

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In determining whether a plaintiff's failure to prosecute warrants dismissal pursuant to Rule 41(b), the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first three factors weigh in favor of dismissal. The Court has already extended the discovery deadline twice in this case. Almost six months have passed since the last deadline, and this case has shown no signs of moving forward since late April 2020. Neither the public interest nor the Court's need to manage its own docket would be furthered by allowing the case to linger on with no plaintiff to prosecute it. Further, Defendant has already had to incur attorney's fees in defending this action, which Plaintiff has seemingly abandoned. Although dismissing the case would prevent Defendant from potentially recovering these attorney's fees, Defendant's motion makes clear that its preference is to have the matter resolved. The fourth factor, as always, weighs against

---

[1] Plaintiff's counsel originally filed a motion to withdraw on November 2, 2020, which the Court denied without prejudice for failing to comply with local rules. (Docs. 32, 33).

dismissal.

The fifth and final factor also weighs in favor of dismissal. The Court has already ordered Plaintiff's former counsel to attempt to contact Plaintiff, and these attempts were unsuccessful. (Doc. 36). Given that Plaintiff has not responded to counsel's attempts or prior Orders from the Court, the Court finds that dismissal is the only remaining option.

### III.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 41) is **GRANTED**. The Clerk of Court shall dismiss this action and Defendant's counterclaim with prejudice and enter judgment accordingly.

Dated this 15th day of April, 2021.

James A. Teilborg
Senior United States District Judge